IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

      v.

DANIEL DE JESUS-BATISTA,

      Defendant.

CRIMINAL NO. 13-199 (GAG)

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION RE: RULE 11(b) GUILTY PLEA HEARING

## I.    Procedural Background

On April 10, 2013, defendant Daniel De Jesus-Batista was charged in a one-count indictment. He agrees to plead guilty to that count.

Count One charges that Mr. De Jesus, on or about April 2, 2013, did knowingly and intentionally possess 500 grams or more of mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. Section 841(a).

Defendant appeared before me, assisted by the court interpreter, on October 18, 2013, since the Rule 11 hearing was referred by the court.  See United States v. Woodard, 387 F.3d 1329 (11th Cir. 2004) (magistrate judge had authority to conduct Rule 11 guilty plea hearing with consent of defendant).  He was advised of the purpose of the hearing and placed under oath with instructions that his answers must be truthful lest he would subject himself to possible charges of perjury or making a false statement.

## II.    Consent to Proceed Before a Magistrate Judge

Defendant was provided with a Waiver of Right to Trial by Jury form, which he signed.[1] He confirmed that his attorney explained the contents of the waiver form.  He was advised of his right

---

[1]  The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

USA v. Daniel De Jesus-Batista                                                      Page 2
CR. No. 13-199 (GAG)
REPORT AND RECOMMENDATION ON GUILTY PLEA

to hold all proceedings, including the change of plea hearing, before a district court judge.  He

received an explanation of the differences between the scope of jurisdiction and functions of a

district judge and a magistrate judge.  He was informed that if he elects to proceed before a

magistrate judge, then the magistrate judge will conduct the hearing and prepare a report and

recommendation, subject to review and approval of the district judge.   The defendant then

voluntarily consented to proceed before a magistrate judge.

III.    **Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure**

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas

to federal criminal violations.  Pursuant to Rule 11, in order for a plea of guilty to constitute a valid

waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. United States

v. Hernandez-Wilson, 186 F.3d 1, 5 (1ˢᵗ Cir. 1999). "Rule 11 was intended to ensure that a defendant

who pleads guilty does so with an 'understanding of the nature of the charge and consequences of

his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1ˢᵗ Cir. 1995) (quoting McCarthy v. United

States, 394 U.S. 459, 467 (1969)).  There are three core concerns in a Rule 11 proceeding: 1) absence

of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty

plea. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244 (1ˢᵗ Cir. 1991)).

A.    **Competence to Enter a Guilty Plea**

This magistrate judge questioned the defendant about his age, education, employment, history

of any treatment for mental illness or addiction,  use of any medication, drugs, or alcohol, and his

understanding of the purpose of the hearing, all in order to ascertain his capacity to understand,

answer and comprehend the change of plea colloquy. The court confirmed that the defendant

received the indictment and fully discussed the charge with his counsel and was satisfied with the

advice and representation he received.   The court further inquired whether defendant's counsel or

counsel for the government had any doubt as to his capacity to plead, receiving answers from both

that the defendant was competent to enter a plea.  After considering the defendant's responses, and

USA v. Daniel De Jesus-Batista                                                    Page 3
CR. No. 13-199 (GAG)
**REPORT AND RECOMMENDATION ON GUILTY PLEA**

observing his demeanor, a finding was made that Mr. De Jesus was competent to plead and fully aware of the purpose of the hearing.

     **B.**     **Maximum Penalties and Consequences of Guilty Plea**

     Upon questioning, the defendant expressed his understanding of the maximum penalties prescribed by statute for the offense to which he was pleading guilty, namely, a  term of imprisonment of not less than five years (unless the defendant complies with all five requirements of the "safety valve") and up to a maximum of 40 years, a fine of not more than $5 million, and a supervised release term of at least four years.  The court must also impose a Special Monetary Assessment of $100.00, per count.  The defendant indicated that he understood the maximum penalties.

     The defendant was informed that parole has been abolished and that any sentence of imprisonment must be served.  Defendant was additionally informed that a pre-sentence report would be prepared and considered by the district judge at sentencing. The defendant confirmed that he understood these consequences of his guilty plea.

     **C.**     **Sentencing Procedures**

     The defendant was specifically informed that the district court, after considering the applicable Sentencing Guidelines, could impose a sentence different from any estimate provided by his attorney, and that the court had authority to impose a sentence that is more severe or less severe than the sentence called for by the Sentencing Guidelines, and that he would not be allowed to withdraw his guilty plea for the sole reason that he received a sentence more severe than he might anticipate.  The defendant was advised, and understood, that the Sentencing Guidelines are no longer mandatory and are thus considered advisory, and that during sentencing the court will consider the sentencing criteria found at 18, United States Code, Section 3553(a).

     **D.**     **Waiver of Constitutional Rights**

     The defendant was specifically advised that he has the right to persist in a plea of not guilty, and if he does so persist that he has the right to a speedy and public trial by jury, or before a judge

USA v. Daniel De Jesus-Batista                                                    Page 4
CR. No. 13-199 (GAG)
**REPORT AND RECOMMENDATION ON GUILTY PLEA**

sitting without a jury if the court and the government so agree; that at trial he would be presumed

innocent and the government would have to prove his guilt beyond a reasonable doubt; that he would

have the right to assistance of counsel for his defense, and if he could not afford an attorney the court

would appoint one to represent him throughout all stages of the proceedings; that at trial he would

have the right to hear and cross examine the government's witnesses, the right to decline to testify

unless he voluntarily elected to do so, and the right to the issuance of subpoenas or compulsory

process to compel the attendance of witnesses to testify on his behalf.  He was further informed that

if he decided not to testify or put on evidence at trial, his failure to do so could not be used against

him, and that at trial the jury must return a unanimous verdict before he could be found guilty.

The defendant specifically acknowledged understanding these rights, and understanding that

by entering a plea of guilty there would be no trial and he will be waiving or giving up the rights that

the court explained. The court further informed the defendant that his guilty plea may result in the

loss of valuable civil rights.

### E.    Factual Basis for the Guilty Plea

Defendant was read in open court Count One of the indictment  and provided an explanation

of the elements of the offense. The meaning of terms used in the indictment was explained.

Upon questioning, the government presented to this magistrate judge and to defendant a

summary of the basis in fact for the offenses charged in Count One and the evidence the government

had available to establish, in the event defendant elected to go to trial, the defendant's guilt beyond

a reasonable doubt.   The defendant was able to understand this explanation and admitted to the

elements of the offense.

### F.    Voluntariness

The defendant indicated that he was not being induced to plead guilty, but was entering such

a plea freely and voluntarily because in fact he is guilty, and that no one had threatened him or

offered him a thing of value in exchange for his plea.  He acknowledged that no one had made any

**USA v. Daniel De Jesus-Batista**                                                                Page 5
**CR. No. 13-199 (GAG)**
**REPORT AND RECOMMENDATION ON GUILTY PLEA**

promises in exchange for his guilty plea.   Throughout the hearing the defendant was able to consult with his attorney.

**IV.    Conclusion**

The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and entered a plea of guilty as to Count One of the indictment.

After cautioning and examining the defendant under oath and in open court concerning each of the subject matters mentioned in Rule 11, I find that the defendant, Daniel De Jesus-Batista, is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that it carries, understands that the charge is supported by evidence and a basis in fact, has admitted to the elements of the offense, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea.  Therefore, I recommend that the court accept the guilty plea and that the defendant be adjudged guilty as to Count One of the indictment.

This report and recommendation is filed pursuant to 28 U.S.C. §636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt.   Failure to file timely and specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

A **sentencing hearing will be set before the presiding district judge.**

**IT IS SO RECOMMENDED.**

San Juan, Puerto Rico, this 18th day of October, 2013.


*S/Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge